**BLUE CROSS AND BLUE SHIELD OF ALABAMA, Plaintiff,**

v.

**Lisa FONDREN, Defendant.**

**Civil Action No. 95–A–935–S.**

United States District Court,
M.D. Alabama,
Southern Division.

April 25, 1997.

Opinion Denying Reconsideration
May 13, 1997.

Susan S. DePaola, Montgomery, AL, for Plaintiff.

Robert M. Alton, Jr., Montgomery, AL, Bobbie S. Crook, Dothan, AL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

ALBRITTON, District Judge.

## I. INTRODUCTION

This cause is before the court on an Appeal of a Memorandum Opinion and Order of a Magistrate Judge. The case was tried before the Magistrate Judge by consent and the parties consented to appeal on the record to the district court, rather than the circuit court of appeals, under Federal Rule of Civil Procedure 73(d) and 28 U.S.C. § 636.

## II. FACTS and PROCEDURAL HISTORY

The Defendant, Lisa Fondren, ("Fondren") was injured in a car accident in August of 1993. Fondren was enrolled in a group health insurance plan through her employer. The plan was funded by an insurance policy with the Plaintiff, Blue Cross and Blue Shield of Alabama ("Blue Cross and Blue Shield").

Blue Cross and Blue Shield paid $18,019.45 in medical expenses to Fondren. Fondren subsequently recovered $68,000.00 as a result of a settlement entered into with parties involved in the automobile accident.

The employee benefit plan contains a subrogation provision. Fondren has, however, refused to reimburse the plan, arguing that she has not been "made whole." She contends that she has not been compensated for pain and suffering, mental and emotional distress, permanent disfigurement, and out-of-pocket expenses.

Blue Cross and Blue Shield filed the Complaint in this case on May 19, 1995, in the United States District Court for the Northern District of Alabama, seeking a declaration that the Defendant breached the terms of the health plan and must reimburse the plan. A motion to change venue to the United States District Court for the Middle District of Alabama was granted on July 13, 1995.

The parties consented to exercise of jurisdiction by a Magistrate Judge on November 6, 1995. Blue Cross and Blue Shield filed a trial brief on November 17, 1995 arguing that the Employee Retirement Income Security Act ("ERISA") governed disposition of its claim. Fondren filed a trial brief arguing that the common law of the State of Alabama regarding subrogation applied and was not preempted by ERISA.

On February 7, 1997, the Magistrate Judge dismissed the case for lack of jurisdiction holding that because the plan at issue was insured and not self-funded it was governed by Alabama law. The parties consented to an appeal to the district court on February 13, 1997. This court entered a briefing schedule order on February 14, 1997.

For reasons to be discussed below, the Magistrate Judge's decision is due to be AFFIRMED.

## III. STANDARD of REVIEW

Parties who have consented to trial by a magistrate judge may further consent to appeal in the district court in the same manner as on an appeal from a judgment of the district court to a court of appeals. 28 U.S.C. § 636; Fed R. Civ. Pro. 73(d). Under 28 U.S.C. § 636, the district court has the authority to affirm, reverse, modify or remand the magistrate judge's decision. 28 U.S.C. § 636(c)(4). Therefore, the district court acts as an appellate court.

When reviewing a decision to dismiss a case on ERISA preemption grounds, the Eleventh Circuit conducts plenary review of the district court's decision. *Swerhun v. Guardian Life Ins. Co.*, 979 F.2d 195 (11th Cir.1992). This court must, therefore, conduct plenary review of the Magistrate Judge's determination in this case.

## IV. DISCUSSION

ERISA's preemptive effect upon state law operates in three stages. *Swerhun v. Guardian Life Ins. Co.*, 979 F.2d 195, 197 (11th Cir.1992). First, as a general rule, ERISA preempts all state laws that relate to ERISA-covered plans. *Id.* Second, the "saving" clause of ERISA limits the preemption clause by stating that nothing in ERISA "shall be construed to exempt or relieve any person from any law of any State which regulates insurance ..." 29 U.S.C. § 1144(b)(2)(A). Third, the saving clause is qualified by the "deemer" clause which states that no employee-benefit plan "shall be deemed to be an insurance company or other insurer ... or to be engaged in the business of insurance or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies ..." 29 U.S.C. § 1144(b)(2)(B).

In interpreting these provisions, especially in reconciling the saving and deemer clauses, the United States Supreme Court has recognized a distinction between self-funded and insured employee benefit plans. The Court has noted that, in reliance upon a distinction created by Congress in the deemer clause, it has left insured plans, but not self-funded plans, open to indirect regulation. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 747, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728 (1985). In a subsequent decision, the Court held that the deemer clause exempts "self-funded ERISA plans from state laws that 'regulate insurance' within the meaning of the saving clause." *FMC Corp. v. Holliday*, 498 U.S. 52, 61, 111 S.Ct. 403, 409, 112 L.Ed.2d 356 (1990).

Fondren argues, and the Magistrate Judge in the instant case apparently was persuaded, that the insured/self-funded distinction is dispositive in ERISA preemption analysis. In holding that state law applied to the instant case since the plan at issue is insured rather than self-funded, the Magistrate Judge relied on *Blue Cross and Blue Shield of Alabama v. Lewis*, 754 F.Supp. 849 (N.D.Ala.1991). It is not clear, however, that the court in *Lewis* intended to hold that the insured/self-funded distinction is dispositive. The court stated that based upon the "deemer" and "saving" clause of ERISA, there was no preemption of an insurance company's subrogation claim and, therefore, that the court lacked subject matter jurisdiction. *Id.* at 852. Consequently, the court in *Lewis* did not necessarily rely solely on deemer clause analysis.

Even if the *Lewis* court intended to indicate that the status of a plan as insured or self-funded is dispositive, this court is not persuaded to follow that analysis. This court has previously read Supreme Court precedent to require deemer clause analysis only upon a finding that the savings clause exception applies. *Hayden v. Blue Cross and Blue Shield of Alabama*, 843 F.Supp. 1427, 1436 n. 15 (M.D.Ala.1994)(stating that the deemer clause is not applicable if the savings clause does not save the state law provision from preemption). In addition, the Eleventh Circuit has indicated that deemer clause analysis is only relevant in the context of a law which regulates insurance within the meaning of the saving clause by stating that

[the plaintiff] also contends that the distinction between fully insured and self-funded plans that the Court drew in *FMC Corp.* and *Metropolitan Life Ins. Co.* fundamentally alters ERISA preemption analysis. This is of no moment in the present case. The Supreme Court addressed this distinction strictly in the context of the interplay between the saving clause and the deemer clause. Because [the plaintiffs] claims are not "saved" by the saving clause, the deemer clause is immaterial, and her reliance upon the fully insured/self-insured distinction in the Court's deemer clause jurisprudence is misplaced.

*Swerhun,* 979 F.2d at 199 n. 6; *see also Health Cost Controls v. Zimmerman,* 1996 WL 745145, No. 96–C4726 at *2 (N.D.Ill.Dec.

26, 1996)("if the 'saving clause' applies, the court must determine if the plan in question is 'deemed' to be an insurance company under ERISA's 'deemer clause.'"). Consequently, unless Alabama's subrogation law falls within the saving clause, the deemer clause is irrelevant. To the extent then that the Magistrate Judge in the instant case relied solely on deemer clause analysis without conducting saving clause analysis, this court disagrees with the Magistrate Judge's decision. However, the Magistrate Judge's decision may still be affirmed if, after application of the saving clause, the deemer clause is applicable, and this court finds that there is no federal subject matter jurisdiction over the instant case due to lack of a federal question.

■ To determine whether there is a federal question in this case, therefore, this court must determine if the relevant state law is preempted by ERISA so that the claim asserted by Blue Cross and Blue Shield is an ERISA claim. The state law at issue in the instant case is the Alabama law of subrogation and, more specifically, the holding by the Supreme Court of Alabama that the right of subrogation exists only after an insured has been made whole. *See Powell v. Blue Cross and Blue Shield of Alabama,* 581 So.2d 772, 774 (Ala.1990).

■ In deciding whether this state law is preempted by ERISA, Congress' intent is controlling. *FMC Corp.,* 498 U.S. at 56, 111 S.Ct. at 406. In discerning Congress' intent, courts have broadly construed the preemption clause of ERISA. *Id.* A law "relates to" an employee benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines Inc.,* 463 U.S. 85, 96–98, 103 S.Ct. 2890, 2899–2901, 77 L.Ed.2d 490 (1983). Even a state law with only an indirect effect on a plan may be considered to relate to that plan for preemption purposes. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990).

■ Alabama's law of subrogation has a connection with employee benefits plans. In *FMC Corp.,* the Court addressed an anti-subrogation law and held that it had a connection to an employee benefit plan because

plan providers would have to design their programs in an environment of differing regulations. *FMC Corp.,* 498 U.S. at 60, 111 S.Ct. at 408. Under Alabama law, subrogation cannot occur until a beneficiary is made whole. *Powell,* 581 So.2d at 774. Consequently, a benefit plan may not be entitled to subrogation in Alabama, whereas it would be in another state, subjecting a nationwide plan to differing regulations. Therefore, Alabama's law, like the anti-subrogation law in Pennsylvania which was considered in *FMC Corp.,* has a connection to an employee benefit plan. *See Dees v. PrimeHealth,* 894 F.Supp. 1549, 1555 (S.D.Ala.1995)(holding that Alabama subrogation law is preempted because administrator would have to decide in every case whether beneficiary had been made whole and would frustrate obligation to calculate uniform benefits nationwide).

Even though the preemption clause applies to Alabama's subrogation law, state law may be "saved" from preemption under the ERISA saving clause. Generally, in conducting saving clause analysis, courts apply a two-tier test to determine whether a state law regulates insurance. *See Smith v. Jefferson Pilot Life Ins. Co.,* 14 F.3d 562 (11th Cir.1994), *cert. denied,* 513 U.S. 808, 115 S.Ct. 57, 130 L.Ed.2d 15 (1994). However, the Supreme Court has given guidance as to the application of the saving clause to state subrogation laws. *See FMC Corp.,* 498 U.S. at 60, 111 S.Ct. at 408; *but see Blue Cross and Blue Shield of Alabama v. Nielsen,* 917 F.Supp. 1532, 1538 (N.D.Ala.1996)(stating that saving clause analysis in *FMC Corp.* was too limited to be relied upon and was dicta). According to the Court, the matter of subrogation is returned to state law and "unless it is excluded from the reach of the saving clause by virtue of the deemer clause, therefore, it is not preempted." *FMC Corp.,* 498 U.S. at 61, 111 S.Ct. at 409.

Although the Court's analysis in *FMC Corp.* of the saving clause was limited, the Court indicated that the saving clause applied to an anti-subrogation law because such a law "directly controls the terms of insurance contracts by invalidating any subrogation provisions that they contain." *Id.* This connection to insurance was found by the

Court to be sufficient to indicate that the state law does not merely impact the insurance industry, but is aimed at it. *Id.* Similarly, the Alabama subrogation rules affect the enforcement of subrogation provisions. In both instances, there is an effect on the substantive terms of the contractual relationship. *See Smith*, 14 F.3d at 570 (citing *FMC Corp.* for the proposition that an integral part of the insurance relationship is affected where a statute effects the substantive terms of the relationship).

The court notes that Alabama's subrogation law can apply to entities other than insurance companies. *See Powell*, 581 So.2d at 774 n. 4 ("The decision in this case is not limited to insurance companies but applies to any indemnitor who claims a right of subrogation."). However, this does not distinguish Alabama's law from that discussed in *FMC Corp.* since the state law in *FMC Corp.* also applied outside of the context of insurance companies. *FMC Corp.*, 498 U.S. at 549 (stating that the plan to which the anti-subrogation law applied did not purchase an insurance policy to fund the plan). In addition, the Eleventh Circuit has indicated that it interprets *FMC Corp.* to stand for the proposition that subrogation laws are a regulation of insurance. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1048 (11th Cir. 1992)("[ERISA] prevents application of laws on subrogation to self-funded insurance plans even though such laws govern insurance."). Consequently, given the Supreme Court's apparent recognition of subrogation laws as an area of state law saved from preemption by the ERISA saving clause, this court finds that Alabama's subrogation law is similarly saved from preemption. *See Hampton Industries. Inc. v. Sparrow*, 981 F.2d 726, 729–30 (4th Cir.1992)(interpreting *FMC Corp.* to require that limits on subrogation recoveries come within the scope of the savings clause); *Blue Cross and Blue Shield of Alabama v. Lewis*, 754 F.Supp. 849, 851 (N.D.Ala.1991)(stating that *FMC Corp.* called into question a decision from another district court in which that court held that subrogation laws did not regulate insurance); *but see Blue Cross and Blue Shield of Alabama v. Sanders*, No. 96–L–0925–NE, Slip Op. at 8–9, —— F.Supp. —— [1997 WL 523932]

(N.D.Ala. January 28, 1997)(finding that Alabama subrogation law is not saved by the savings clause).

■ Since the saving clause does apply, deemer clause analysis must be conducted. It is under deemer clause analysis that the distinction between insured and self-funded plans is relevant. Under *FMC Corp.*, claims which would ordinarily fall within the operation of the savings clause are exempted from preemption if they involve self-funded plans. *FMC Corp.*, 498 U.S. at 61, 111 S.Ct. at 409. However, this exemption does not apply to insured plans. *Id.* Consequently, an "insurance company that insures a plan remains an insurer for purposes of state laws 'purporting to regulate insurance' after application of the deemer clause. The insurance company is therefore not relieved from state insurance regulation." *Id.* The plan in the instant case is an insured, not a self-funded plan. As an insured plan, therefore, the plan in the instant case is not exempted from application of Alabama's subrogation law which is a law that regulates insurance within the meaning of the saving clause. *See Fioretti v. Massachusetts General Life Ins. Co.*, 53 F.3d 1228, 1230 n. 2 (11th Cir.1995)(stating that since the benefits of an ERISA plan were not paid from a self-insurance fund, but an insurance policy, the insurance policy remained subject to state insurance law), *cert. denied*, —— U.S. ——, 116 S.Ct. 708, 133 L.Ed.2d 663 (1996); *see also Lewis*, 754 F.Supp. 849, 850 (N.D.Ala.1991). Consequently, Alabama subrogation law, rather than ERISA, governs the subrogation claim of Blue Cross and Blue Shield in the instant case.

■ Although the Magistrate Judge's conclusion that there is a lack of subject matter jurisdiction is due to be affirmed, the Magistrate Judge dismissed the instant case for lack of jurisdiction "with prejudice." A dismissal for lack of jurisdiction is not an adjudication on the merits. Fed. R. Civ. Pro. 41(b). Therefore, because the case is due to be dismissed for lack of subject matter jurisdiction, it is due to be dismissed without prejudice.

## V. CONCLUSION

For the reasons discussed, this court concludes that Alabama's law of subrogation is

not preempted by ERISA in a subrogation claim by an insurance company under an insured benefits plan. Consequently, there are only state law issues in the instant case and there is not complete diversity of the parties. Therefore, the Magistrate Judge's decision.that there is no federal subject matter jurisdiction in the instant case is AFFIRMED with the modification that the dismissal is without prejudice.

## MEMORANDUM OPINION AND ORDER

■ This cause is before the court on a Motion to Reconsider this court's order filed by the Defendant, Blue Cross and Blue Shield of Alabama on May 8, 1997.

Blue Cross and Blue Shield has argued that under application of *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) and the McCarran–Ferguson Act criteria, Alabama's subrogation law would not be a state law directed at the insurance industry. In so arguing, Blue Cross and Blue Shield has relied, in part, on the reasoning of a decision from the Northern District of Alabama in which that court applied the factors argued for by Blue Cross and Blue Shield to Alabama's subrogation law. *Blue Cross and Blue Shield of Alabama v. Sanders*, CV–96–L–0925–NE (N.D.Ala. January 28, 1997). The *Sanders* court held that the savings clause did not apply because Alabama's subrogation law is not limited to insurance entities. *See Sanders* at pages 8–9. This conclusion is, however, undermined by *FMC Corp. v. Holliday*, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). The Supreme Court stated in *FMC Corp.* that the state law at issue regulated the insurance industry even though it was not limited to that industry. *FMC Corp.*, 498 U.S. at 54, 111 S.Ct. at 405. In fact, in the lower court decision, the Third Circuit expressly noted that the McCarran–Ferguson factor of whether the law is limited to insurance entities would not be met since the law at issue was not limited to the insurance industry, but that the law was still a regulation of the insurance industry. *FMC Corp. v. Holliday*, 885 F.2d 79, 86 (3rd Cir.1989).

This court reads *FMC Corp.* as indicating that subrogation laws regulate insurance whether or not they are limited to the insurance industry. Because the Supreme Court apparently departed from traditional savings clause analysis in stating, in the context of the application of a law to a self-funded plan, that a subrogation law was a regulation of insurance, this court followed the example of the Supreme Court in finding that Alabama's analogous subrogation law was also a regulation of insurance. However, even if traditional savings clause analysis were applied, under *Sanders*, a decision relied on by Blue Cross and Blue Shield, Alabama's subrogation law would still fall within the savings clause, if it were limited to insurance entities. Therefore, since, under *FMC Corp.*, the scope of Alabama's subrogation law is not a valid distinction from other laws which regulate insurance, this court is bound to follow the Supreme Court's example and find that Alabama's subrogation law is saved under the savings clause. *See also Blue Cross and Blue Shield of Alabama v. Lewis*, 754 F.Supp. 849 (N.D.Ala.1991)(apparently finding that savings clause applied to Alabama subrogation law). Therefore, the motion of Blue Cross and Blue Shield to reconsider is Ordered DENIED.